# Minutes of Proceedings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------x
Date: May 14, 2008                                                                         :
-------------------------------------------------------------------------------------------x
In re:                                                                                     :    Chapter 11
Ampex Corporation, et. al.,                                                                :    Case No.
                              Debtors.                                          :    08-11094 (AJG)
                                                                                          :
                                                                                          :
                                                                                          :    (Jointly Administered)
-------------------------------------------------------------------------------------------x


Present: Hon. Arthur J. Gonzalez         _____            ___ECRO_____
        Bankruptcy Judge                 Courtroom Deputy             Court Reporter


**Proceeding:**    Motion for an order directing the appointment of an official committee of equity security holders


**Order:**         For the reasons set forth in Exhibit "A" attached hereto, the Motion is denied.


FOR THE COURT: Kathleen Farrell, Clerk of the Court

BY THE COURT:

**s/Arthur J. Gonzalez**              05/14/2008        Jacqueline De Pierola
United States Bankruptcy Judge        Date             Courtroom Deputy

**Exhibit "A"**

**The Motion**

Valuevest High Concentration Master Fund, Ltd. ("Valuevest" or "Movant") has moved for the appointment of an official committee of equity security holders under §1102(a)(2) of the Bankruptcy Code (the "Motion"). Valuevest previously applied to the United States Trustee (the "UST") for the appointment of an equity committee. After reviewing the Debtors' petitions and schedules and after communications with the Debtors and Hillside, the UST denied Valuevest's request and the Motion followed. The Motion is opposed by the Debtors, Hillside and the UST. The Creditors Committee, having just been appointed, has not taken a formal position on the Motion.

**Legal Standard**

Section 1102(a)(2) of the Bankruptcy Code provides that "on request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or equity security holders." 11 U.S.C. §1102(a)(2). Courts determine these requests on a case-by-case basis, in the exercise of discretion. *In re Johns-Manville Corp.*, 68 B.R. 155, 159 (S.D.N.Y. 1986).

In exercising discretion, courts consider a variety of factors including the number of shareholders, the size and complexity of the case, and the solvency of the debtor. Factors related to the issue of "adequate representation" include the role of the board and management acting on behalf of shareholders, the role of a creditors committee, the sophistication of shareholders and their ability to retain counsel, and the right of shareholders to be compensated under 11 U.S.C. §503(b) of the Bankruptcy Code if they

1

effect a "substantial contribution" in the case. *See In re Delphi Corp.*, Bankr. S.D.N.Y. (Case No. 05-44481) (RDD), Transcript of March 22, 2006.

The threshold inquiry is solvency. Where a debtor is clearly or "hopelessly" insolvent and there is no expected recovery for equity then the appointment of an equity committee (and the imposition of the costs of such committee on the debtor) is unwarranted. *In re Williams Communications Group, Inc.*, 281 B.R. 216, 220 (Bankr. S.D.N.Y. 2002) ("because neither the debtor nor the creditors should have to bear the expense of negotiating over the terms of what is in essence a gift.") *citing In re Emons, Indus.*, 50 B.R. 692, 694 (Bankr. S.D.N.Y. 1985).

**Application**

Applying the factors referenced above, it does not appear to the Court that equity holders are likely to receive any distribution in this case, other than what may constitute a gift under the Plan. Nor does the Court find that equity holders are unable to represent their interests in this case without such committee.

1. The Debtors' equity securities are not widely held. The Debtors 3.89 million outstanding shares of common stock are held by 393 shareholders, only one of whom formally sought the appointment of a committee (although Movant asserts that other equity holders have informally expressed interest).

2. The case is not complex.

3. The burden of proving the Debtors' solvency for purposes of the Motion is on Valuevest. While this is a summary proceeding and the Court need not conduct a full valuation determination, based on the presentations of valuation put forth by the parties,

it appears clear that the Debtors are insolvent and that equity holders are substantially out of the money.

The Debtors have submitted an enterprise value of $78.9 million. The Debtors' secured claims total approximately $18 million and unsecured claims, $50 million. There are, in addition, administrative claims, including professional fees, and priority claims as well as future pension obligations, which, cumulatively, establish the Debtors are insolvent. The values to be ascribed to future pension obligations as well as to unrealized licenses are in dispute. Based upon the Court's view at this point, the Court finds that, with respect to the Debtors' future pension obligations, such amounts should be taken into account for purposes of valuation. The unrealized recoveries on licenses, as asserted by Valuevest, however, are too speculative to consider for purposes of valuation.

The Debtors plan is a prearranged debt-for-equity agreement between itself, the Senior Secured Noteholders and Hillside pursuant to which the Debtors' will exchange their current debt for cash, new notes and/or equity. Unsecured creditors will be given new common stock in the reorganized Debtor – a recovery of less than 10%. All of the Debtors' existing common stock will be cancelled and, upon emergence from bankruptcy, Hillside would become the majority owner of the reorganized Debtor. The Plan provides that existing equity holders that do not object to confirmation are entitled to receive contingent payment rights in connection with certain contingent future payments.

Given that none of the creditors senior to equity are receiving payment in full on behalf of their claims, there simply is no value for equity holders and thus they have no meaningful interest in the outcome of the case (other than with respect to the contingent

3

payment rights mentioned above). In such case, no equity committee, the cost of which would be borne by the Debtors, is necessary to represent them.

Factors related to the issue of "adequate representation" also favor denial of the Motion.

1. Equity holders' interests are adequately protected by other parties in this case. Despite that equity is out of the money, the Debtors' plan proposes a gift of "contingent payment rights" to equity that may yield value in the future. The goal of the Debtors is to maximize value for the estate. Moreover, the Creditors Committee, representing a constituency receiving a 10% recovery, is aligned with equity at this point. The Creditors Committee will not only be seeking to ascertain the bona fides of the Debtors' future pension obligations but also is incentivized to seek maximum recoveries generally.

2. Valuevest is a sophisticated party represented by counsel who has and will likely pursue its valuation objections in the disclosure and confirmation hearings to be held in the near future. The Court notes, in addition, Valuevest's extensive prepetition relationship with the Debtors including access to management, the appointment of directors to the board, and involvement in the Debtors' hiring of consultants.

3. Finally, in the event Valuevest makes a "substantial contribution" to the case it can seek to be compensated under section 503(b) of the Bankruptcy Code.

**Conclusion**

Given the Court's discretion regarding the appointment of an equity committee, the apparent insolvency of the Debtors and the alignment of interests between the Creditors Committee and equity at this stage, no committee is necessary to adequately represent equity holders' interests.